UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | Cr. No.: **2:13-CR-20007-JPM** |
| ) | |
| KEITH GIBSON,    ) | |
| a/k/a "Greedy," a/k/a "Pee-Wee,"    ) | |
| ) | |
| Defendant.    ) | |

**SUPPLEMENTARY SENTENCING MEMORANDUM OF THE UNITED STATES, RESPONDING TO THE DEFENDANT'S FACTUAL OBJECTIONS TO THE PRESENTENCE REPORT**

Comes now the United States by and through counsel, Edward L. Stanton III, United States Attorney for the Western District of Tennessee, and Mark A. Erskine, Assistant United States Attorney, and files this supplementary sentencing memorandum in response to the defendant's factual objections to the Presentence Report (PSR). (RE 374, Defendant's Position Paper, PageID 2842.) In support, the United States would show the following:

After a trial, the jury convicted the defendant of Counts 1, 3, 8, and 11 of the Second Superseding Indictment, which charged the defendant with one count of conspiracy to commit sex trafficking of a minor, one substantive count of sex trafficking of a minor, and two counts of making false statements to FBI agents in relation to a sex trafficking investigation. (RE-302, Verdict, PageID 1299; RE-300, Redacted Second Superseding Indictment, PageID 1296.)

The conviction for sex trafficking of a minor, under 18 U.S.C. § 1591(b)(2), drives the computation of the base offense level in this case. (PSR. ¶ 39.) Although the defendant makes

several factual objections to the PSR and continues to deny his guilt, the jury found him guilty after hearing the testimony and reviewing the trial exhibits. The jury heard testimony from several witnesses describing how the defendant altered a Backpage.com prostitution advertisement that featured D.B. to include his contact information, how he arranged payment for the advertisement with a pre-paid gift card, and how he exercised control over D.B. and harbored her in a hotel room.

This conduct was the basis for the defendant's conviction and forms the offense conduct in this case. The PSR also includes information from the investigative file for which there is support in the trial record. This pleading is a response to the defendant's factual objections to the PSR.

*Defendant's Objection 1 (to PSR ¶ 5):*

There is a factual basis in the record for this paragraph of the PSR, which describes how D.B. was passed from Orreco Lyons (Rico), to Anthony Grandberry (Tony), and finally to the defendant (Greedy/Pee-Wee). (RE 337, Testimony of Michael Freelon, PageID 1566, ln 25 to PageID 1573, ln 20.) At trial, Michael Freelon testified that "… Rico owed [Grandberry] some money and he was going to give him a girl for that …." (Id. at PageID 1567, ln 15-18.) Freelon testified D.B. arrived at their apartment the day after Freelon's conversation with Grandberry about getting a girl to satisfy a debt owed by Rico. (Id. at ln 19-25.) D.B. also testified and described her perspective of how she was passed from Lyons, to Grandberry, and to the defendant. (RE 337, Testimony of D.B., PageID 1674, ln 7, to PageID 1675, ln 25; PageID 1679, ln 7-12.)

In addition, the trial record includes testimony about how Ramsey and Edwards bought clothing for D.B., dressed D.B. in that clothing, and took photographs for the first Backpage.com

advertisement that included Grandberry's contact information. (RE 337, Testimony of Falisha Edwards, PageID 1512, ln 17, to PageID 1522, ln 21.) This advertisement was altered by the defendant and Edwards to replace Grandberry's contact information with the defendant's contact information, while keeping the same pictures and basic text from the first advertisement. (Id. at PageID 1527, ln 6-24.) As a result, the facts and circumstances surrounding the creation of the first advertisement are relevant to the second advertisement involving the defendant.

The defendant argues that he should not be held vicariously liable for the actions of Lyons and Grandberry before Gibson joined the conspiracy. The United States agrees but notes the guideline calculation for Gibson is driven, not by the acts of Gibson's co-conspirators, but by his own criminal acts. The United States submits the description of D.B.'s sex trafficking by Lyons and Grandberry is supported by the record but does not affect the guideline calculation of the defendant. *See* FED. R. CRIM. P. 32(i)(B).

*Defendant's Objection 2 (to PSR ¶ 6):*

The defendant's objection, in which he denies knowledge of how the second Backpage.com advertisement was created, is contrary to the evidence elicited at trial. Falisha Edwards testified that she met with the defendant and Grandberry and changed the advertisement to include Gibson's telephone number. (RE 337, Testimony of Falisha Edwards, PageID 1522, ln 22, to PageID 1524, ln 24; PageID 1526, ln 20, to PageID 1530, ln 24.) When asked who gave her the phone number for the ad, Edwards testified the defendant provided the phone number. (Id. at PageID 1527, ln 12-18; PageID 1530, ln 16-17.) When asked who provided the gift card to pay for the new ad, Edwards testified the defendant did. (Id. at PageID 1527, ln 19-24.) The jury relied on these facts in finding the defendant guilty.

3

*Defendant's Objection 3 (to PSR ¶ 13):*

This objection, in which the defendant denies paying for the Backpage.com advertisement, also contradicts the trial testimony of Edwards. Edwards testified the defendant provided her with the gift card to pay for the advertisement. (Id. at PageID 1527, ln 19-24.) The jury relied on this testimony in finding the defendant guilty.

With respect to the objection to the defendant's conversation with Edwards about her prostituting for him, this would not affect the guideline calculation. This conversation was discussed during the trial testimony of Edwards, who testified that Gibson told her she was "thick enough . . . to be on his team," which she understood as suggesting she could prostitute for him. (Id. at PageID 1526, ln 1-12). She did say she interpreted the statement as a joke. (Id. at ln 14-16.) Edwards noted, "No, he wasn't asking me. It wasn't like – actually, it was more of a joke, but I guess I could take that serious, but I took it as a joke." (Id.)

*Defendant's Objection 4 (to PSR ¶ 15):*

The United States previously addressed these facts in its supplemental position paper on the application of an enhancement for obstruction of justice under U.S.S.G. § 3C1.1. (RE-385, Gov't Supplemental Position Paper.)  Tamara Ramsey testified at the September 11, 2014 hearing. Ramsey identified the defendant and testified she met him while being transported from the courthouse to the detention facility in Mason, Tennessee. (RE 384, Testimony of Tamara Ramsey, September 11, 2014, PageID 3310; 3317-18.) The defendant told Ramsey his name was Greedy. (Id. at PageID 3319.) On the bus, the defendant sat "right behind" Ramsey. (Id. at PageID 3320.) The defendant began talking to Ramsey about the case, first telling her to take her case to trial, and then telling her "to give information to Falisha [Edwards]."  (Id. at PageID 3321.) Ramsey continued, "He told me to tell [Edwards] to don't say nothing, to take it to trial,

and tell her that that credit card wasn't his." (Id. at PageID 3322.) Ramsey later testified, "[Gibson] told me to tell [Edwards] . . . to say the credit card wasn't his. And it was Antonio. Antonio stole the credit card. That's what [Gibson] was saying." (Id. at PageID 3333.) Ramsey said the defendant brought up the credit card, and she was unaware of the significance of the credit card. (Id. at PageID 3322-23; 3333.) The defendant testified and denied telling Ramsey to take her case to trial and denied discussing a credit card with Ramsey. (RE-384, Testimony of Keith Gibson, PageID 3384.) For the reasons previously, the Court should apply the enhancement. (RE-385, Gov't Supplemental Position Paper.)

*Defendant's Objection 5 (to PSR ¶ 17):*

Although there is a basis for this information in the investigative file, the United States does not intend to put on proof of these allegations and asks the Court not to consider them in determining the defendant's sentence.

*Defendant's Objection 6 (to PSR ¶ 20):*

As previously noted, the trial testimony included a discussion of how D.B. was passed from Anthony Grandberry to the defendant. (RE 337, Testimony of Michael Freelon, PageID 1566, ln 25, to PageID 1573, ln 20.) Freelon testified about how Grandberry wanted to get rid of D.B.: "[Grandberry] – at the time he got rid of [D.B.], he called and said he didn't want, you know, have this girl anymore, and he called a person, which name is Pee-Wee (Gibson)." (Id. at PageID 1569, ln 1-3.) Freelon continued, "He said I got this girl and I'm trying to get rid of her" and then Pee-Wee (Gibson) showed up and D.B. got in the defendant's car. (Id. at ln 10-17). D.B. also testified about this event in the following way: "Well, [the defendant] was in a car next to Tony's, and I guess him and Tony talked, and I left with Greedy (Gibson)." (RE 337,

5

Testimony of D.B., PageID 1679, ln 7-12.)  Therefore, there is factual support in the record for the PSR's assertion that D.B. was "given" to the defendant.

*Defendant's Objection 7 (to PSR ¶ 21):*

The defendant's denial that he was with Edwards and Grandberry while the second advertisement was posted is contrary to the trial testimony.  When Edwards was asked where the defendant, Grandberry, and she were located when the ad was changed, she testified that they were in the kitchen.  (RE 337, Testimony of Falisha Edwards, PageID 1526, ln 20-24).  To the extent that Gibson simply denies he was sitting down at the kitchen table, then yes, Edwards did testify, "He was standing up at the doorway."  (Id. at 1527, ln 1-3.)  Whether the defendant was standing or sitting, however, is not material and should not affect sentencing.  The defendant's presence and active participation in changing the advertisement, however, should affect the defendant's sentencing because it was evidence of his guilt.

The United States concedes the statement that the defendant indicated he would he would buy clothing for D.B. after posting the advertisement was not elicited at trial.  The United States submits the Court need not rely on this statement in light of the other evidence at trial.  However, the United States would note that D.B. testified that the defendant did provide her with clothes.  "[O]n our way to the hotel, he stopped by his house and got some clothes . . . . Clothes, it was like shorts . . . . I didn't have any other clothes."  (RE 337, Testimony of D.B., PageID 1685, ln 14, to PageID 1686, ln 7.)

*Defendant's Objection 8 (to PSR ¶ 25)* **and** *Defendant's Objection 9 (to PSR ¶ 27):*

These objections reframe the defendant's previous objection to the PSR's characterization that D.B. was "given" to the defendant by Grandberry; except here the defendant disputes the defendant "took" D.B. from Grandberry.  The government's citation to

6

the trial record is the same for the objections to the use of the words "given" and "took." (*Supra*, page 5.)  In addition, on cross-examination, D.B. agreed with the characterization that the defendant took her away from Grandberry.  (RE 337, Testimony of D.B., PageID 1690, ln 20-21.)

### *Defendant's Objection 10 (to PSR ¶ 28):*

The defendant's denying knowledge of the Backpage.com advertisement is contrary to the proof elicited at trial.  As described above, Edwards testified that she met with the defendant and Grandberry and changed the advertisement to include Gibson's telephone number.  (RE 337, Testimony of Falisha Edwards, PageID 1527, ln 12-18.)  When asked who gave her the phone number for the ad, Edwards testified the defendant did.  (Id.)  When asked who provided the gift card to pay for the new ad, Edwards testified the defendant did.  (Id. at ln 19-24.)  The jury relied on these facts in finding the defendant guilty.

D.B. also described a conversation she had with the defendant about the Backpage.com ad and how the defendant was going to buy the ad.  (RE 337, Testimony of D.B., PageID 1683, ln 2-13.)  She also testified that the defendant asked her about "the app" that Tony made and that the defendant was looking at Backpage.com on his laptop while they were at the hotel.  (Id. at 1680, ln 14-19; 1681, ln 8-24.)

### *Defendant's Objection 11 (to PSR ¶ 29):*

Although there is a basis for this information from the United States' investigative file, the United States does not intend to put on proof of these allegations and asks the Court not to consider them in determining the defendant's sentence.

### *Defendant's Objection 12 (to PSR ¶ 30):*

Although there is a basis for this information from the United States' investigative file,

the United States does not intend to put on proof of these allegations and asks the Court not to consider them in determining the defendant's sentence.

*Defendant's Objection 13 (to PSR ¶ 32), Defendant's Objection 14 (to PSR ¶ 33),* **and** *Defendant's Objection 15 (to PSR ¶ 36):*

The United States previously addressed these facts in its supplemental position paper on the application of an enhancement for obstruction of justice under U.S.S.G. § 3C1.1.  (RE-385, Gov't Supplemental Position Paper.)

## CONCLUSION

For the foregoing reasons, the United States asks the Court to overrule the defendant's factual objections that are contrary to the record.  In addition, where the objections are to issues that do not affect sentencing, the United States asks the Court to note that a ruling is not necessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing.   FED. R. CRIM. P. 32(i)(B).

        Respectfully submitted,

        EDWARD L. STANTON III
        United States Attorney

By:    /s/ Mark A. Erskine
        Mark A. Erskine
        Assistant United States Attorney
        167 N. Main Street, Suite 800
        Memphis, Tennessee 38103
        (029148 - Tennessee)

## CERTIFICATE OF SERVICE

    I, Mark A. Erskine, Assistant United States Attorney for the Western District of Tennessee, hereby certify that a true copy of the foregoing document has been filed via the Court's electronic filing system.

    This the 23rd day of November, 2014.

s/ Mark A. Erskine  
Mark A. Erskine  
Assistant United States Attorney
