AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Western District of Tennessee

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | |
| KEITH GIBSON | Case Number: 2:13CR20007-03-JPM |
| | USM Number: 25607-076 |
| | Charles S. Mitchell, Appointed |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☑ was found guilty on count(s)   1, 3, 8, & 11 of the Second Superseding Indictment.
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count(s)** |
|---|---|---|---|
| 18 U.S.C. § 1594(c); § 1591(a)(1),(b)(2) & (c) | Conspiracy to Commit Sex Trafficking of a Minor | 1/31/2013 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   6, 7, 9 and 10   ☐ is   ☑ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/4/2014
Date of Imposition of Judgment

s/Jon Phipps McCalla
Signature of Judge

Jon Phipps McCalla          U.S. District Judge
Name and Title of Judge

12/5/2014
Date

AO 245B	(Rev. 09/11) Judgment in a Criminal Case
		Sheet 1A

Judgment—Page 2 of 7

DEFENDANT:  KEITH GIBSON
CASE NUMBER:  2:13CR20007-03-JPM

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C § § 1951(a)(1), (b)(2), & (c) | Charges Recruit, Entice, Harbor, Transport, Provide, Obtain and Maintain a Minor to Engage in a Commercial Sex Act | 1/1/2013 | 3 |
| 18 U.S.C § 1001 (a)(2) | False, Fictitious, and Fraudulent Statement in Relation to an Offense Under 18 U.S.C § 1951; | 1/11/2013 | 8 |
| 18 U.S.C § 1001 (a)(2) | False, Fictitious, and Fraudulent Statement in Relation to an Offense Under 18 U.S.C § 1951; | 6/4/0201 | 11 |

Judgment — Page 3 of 7

DEFENDANT: KEITH GIBSON
CASE NUMBER: 2:13CR20007-03-JPM

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

235 MONTHS, (19 years and 7 months) - that is: 235 months each as to Counts 1 and 3; 96 months each as to Counts 8 and 11. Counts 1, 3, 8, and 11 are to be served concurrently with each other for a total of 235 months.

☑ The court makes the following recommendations to the Bureau of Prisons:

The defendant be allowed to serve his sentence at FCI-Memphis or a facility near the Memphis, TN area.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page **4** of **7**

DEFENDANT: KEITH GIBSON
CASE NUMBER: 2:13CR20007-03-JPM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

10 YEARS - that is: 10 years each as to Counts 1 and 3; 3 years each as to Counts 8 & 11. Counts 1, 3, 8 & 11 are to be supervised concurrently for a total of 10 years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- ☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- ☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
5) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
6) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician, and shall submit to periodic urinalysis test as directed by the probation officer to determine the use of any controlled substance;
7) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, and shall submit to periodic urinalysis test as directed by the probation officer to determine the use of any controlled substance;
8) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
9) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
10) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
11) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
12) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
13) if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
               Sheet 3A — Supervised Release

Judgment—Page   5   of   7  

DEFENDANT:   KEITH GIBSON
CASE NUMBER:   2:13CR20007-03-JPM

# ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall cooperate with DNA collection as directed by the Probation Officer.

2. The defendant shall seek and maintain lawful, full time employment as directed by the Probation Officer.

3. The defendant shall participate in substance abuse testing and treatment as directed by the Probation Officer.

4. The defendant shall participate in mental health treatment as directed by the Probation Officer.

5. The defendant's employment and change of address shall be approved by the Probation Officer.

6. The defendant shall complete and comply with sex offender registration requirements, and shall follow the specific instructions of the probation officer in regard to the requirements. No polygraph or sex offender treatment.

7. The defendant must abide by limitations on whether, how or when a computer or internet may be used. This includes general prohibitions on ownership or access as well as restricted access, as directed by the probation officer.

8. Pursuant to 18 U.S.C 3563 (b)(23), The defendant shall submit his person and any property, house, residence, vehicle, papers, computer, all electronic communications or data storage devices or media including wifi and effects to search at any time, with or without a warrant, by a law enforcement or probation officer with reasonable suspicion concerning a violation. The defendant shall not possess any pornography.

9. The defendant shall participate in vocational training as directed by the Probation Officer.

DEFENDANT: KEITH GIBSON
CASE NUMBER: 2:13CR20007-03-JPM

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 400.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Address** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
| **TOTALS** |  | $ 0.00 | $ 0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: KEITH GIBSON
CASE NUMBER: 2:13CR20007-03-JPM

## ADDITIONAL FORFEITED PROPERTY

None.

DEFENDANT: KEITH GIBSON
CASE NUMBER: 2:13CR20007-03-JPM
DISTRICT: Western District of Tennessee

Victim's Name And Address:

Name: 
Street: 
City, State, Zip: 

Defendant's Soc. Sec. No.: 

Defendant's Date of Birth: 

Defendant's Residence Address: 

Defendant's Mailing Address: 

Memphis, TN 38125

Date of Imposition of Judgment
12/4/2014

s/Jon Phipps McCalla
Signature of Judge

Jon Phipps McCalla    U.S. District Judge
Name and Title of Judge
Date Signed  12/5/2014